**Affirmed and Opinion filed May 19, 2015.**



In The

# Fourteenth Court of Appeals

### NO. 14-14-00036-CR

### GEOFFREY SPENCER HAUER, Appellant

### V.

### THE STATE OF TEXAS, Appellee

**On Appeal from the Co Crim Ct at Law No 5**
**Harris County, Texas**
**Trial Court Cause No. 1811027**

## O P I N I O N

Appellant Geoffrey Spencer Hauer was convicted of driving while intoxicated (DWI). *See* Tex. Penal Code Ann. §§ 49.04(a), 49.09(a) (West Supp. 2014). In his first three issues, appellant challenges the trial court's denial of his motion to suppress. In his fourth and final issue, appellant challenges the trial court's denial of his request for a jury instruction on improperly obtained evidence under article 38.23, Code of Criminal Procedure. We affirm.

## Facts & Procedural Background

On the morning of February 19, 2012, appellant was involved in an accident near the intersection of South Post Oak Boulevard and San Felipe Street in Houston, Texas. Officer Lucinda Owens of the Houston Police Department was the first police officer on the scene. Owens spoke with appellant. Owens noticed that appellant's speech was slurred and that his breath smelled of alcohol. Believing appellant to be intoxicated, Owens handcuffed appellant and placed him in the back of the patrol car to await the arrival of another officer to conduct the DWI investigation. At 3:08 a.m., Owens informed dispatch that appellant was in the patrol car.

Officer Jorge Roman arrived at 3:25 a.m. and began the DWI investigation. After speaking with Owens, Roman removed the handcuffs and interviewed appellant. During the interview, appellant admitted to having consumed four vodka-based drinks. Roman observed a mild alcohol odor when speaking to appellant. Roman then conducted the standard field sobriety tests.[1] Based on his observations of appellant during the interview and the field sobriety tests, Roman concluded that appellant was intoxicated and arrested appellant. Appellant was arrested at 3:46 a.m.

Appellant was charged by information with operating a motor vehicle in a public place while intoxicated. The information alleged one prior conviction for driving while intoxicated, to which appellant pleaded true. Appellant pleaded not guilty to the charged offense.

Before trial, appellant moved to suppress any statements he made to the police during the DWI investigation on the grounds that the seizure of his person

---

[1] The sobriety tests consist of: (1) the horizontal gaze nystagmus (HGN), (2) the one-leg stand, and (3) the walk and turn. Roman was not able to complete the HGN.

2

violated the Fourth Amendment, Article I, Section 9 of the Texas Constitution, and Code of Criminal Procedure article 38.23. After a hearing, the trial court denied the motion to suppress and allowed testimony at trial concerning statements made by appellant during the DWI investigation.

After both parties rested, the trial court conducted a bench conference regarding the proposed jury charge. Appellant requested a jury instruction on illegally obtained evidence. *See* Tex. Code Crim. Proc. Ann. art. 38.23 (West 2005). The trial court denied the request. The jury convicted appellant of the charged offense, and the trial court assessed punishment at one year in county jail. Appellant appeals his conviction in four issues. In his first three issues, appellant contends the trial court erred in denying his motion to suppress. In his fourth issue, appellant contends the trial court erred when it refused to submit an Article 38.23 jury instruction.

## Motion to Suppress

### A. Standard of Review

We review a trial court's ruling on a motion to suppress under a bifurcated standard of review. *Valtierra v. State*, 310 S.W.3d 442, 447 (Tex. Crim. App. 2010). First, we afford almost total deference to the trial judge's findings of historical facts as well as mixed questions of law and fact that turn on an evaluation of credibility and demeanor. *Abney v. State*, 394 S.W.3d 542, 547 (Tex. Crim. App. 2013). The trial judge is the sole judge of witness credibility and the weight given to witness testimony. *Ex parte Moore*, 395 S.W.3d 152, 158 (Tex. Crim. App. 2013).

If the trial judge makes express findings of fact, we view the evidence in the light most favorable to her ruling and determine whether the evidence supports the factual findings. *Valtierra*, 310 S.W.3d at 447. When the trial judge does not make

explicit findings of fact, we review the evidence in the light most favorable to the trial court's ruling and assume the trial judge made implicit findings of fact supported by the record. *Ford v. State*, 158 S.W.3d 488, 493 (Tex. Crim. App. 2005).

Second, we review de novo the trial court's application of the law of search and seizure to the facts. *Valtierra*, 310 S.W.3d at 447. We will sustain the trial court's ruling if it is reasonably supported by the record and is correct on any theory of law applicable to the case. *Id.* at 447–48.

A trial judge's findings on a motion to suppress may be written or oral. *State v. Cullen*, 195 S.W.3d 696, 699 (Tex. Crim. App. 2006). Here, although neither party moved for written findings of fact and conclusions of law, and none were filed, it is apparent from the record that the trial court intended its findings and conclusions to be expressed via its oral pronouncements.[2] Oral findings of fact can

---

[2] The court made its oral findings as follows:

**THE COURT**: Referring to *Do[w]thitt* and then *Shepherd*, a case that followed along afterwards that helped us understand *Do[w]thitt* a little more. Of course, a person who is under temporary investigative detention isn't free to leave while the officer investigates. And that did clear things up we were uncertain after *Do[w]thitt*. And, certainly, at a scene whereas it is my understanding, Officer Owens was alone with citizens, fire department, vehicles blocking the road, and a person she believed to be intoxicated, and her detention, what she called "custody," but appeared to infer detention for investigation. It was not unreasonable for her, an officer alone at the scene, to detain the defendant in the backseat of her patrol car and follow department policy to handcuff him.

At that point, then, we turn to the question of whether the detention was so lengthy that it converted to a full-blown arrested or custody or whatever words you choose to a use other than detention. And in the line of cases that we've seen, that isn't just measured by minutes, it's also measured by what's happening during those minutes. The amount of time in this case seems to be about a half hour. I believe this officer, Officer Roman, that the clock on the video was probably an hour off. And that could be one of those time change things, it could be anything. But the exhibits seem to be in line with his testimony and that of Officer Owens that the defendant went into custody around 3:00. That Officer Roman was on scene at 3:25 and that he quickly assessed the situation and then

4

be considered as findings of fact on the record and given due deference. *See, e.g.,* *Cullen*, 195 S.W.3d at 699 (stating that the trial court's findings and conclusions from the suppression hearing need to be recorded in some way, whether written out and filed by the trial court or stated on the record at the hearing); *Flores v. State*, 177 S.W.3d 8, 13 (Tex. App.—Houston [1st Dist.] 2005, pet. ref'd) (reviewing trial court's oral findings of fact on a motion to suppress).

**B.** **Appellant was temporarily detained pending a DWI investigation, not arrested, when Owens handcuffed him and placed him in the back of her patrol car.**

In his second issue, appellant contends he was illegally arrested when Owens handcuffed him and placed him in the back of the patrol car before any DWI investigation was conducted. We disagree.

Whether the seizure of a person is an investigative detention or an arrest depends upon the facts and circumstances surrounding the seizure. *See Dowthitt v. State*, 931 S.W.2d 244, 255 (Tex. Crim. App. 1996); *Amores v. State*, 816 S.W.2d 407, 411–12 (Tex. Crim. App. 1991). A person is in "custody" only if, under the circumstances, a reasonable person would believe that his freedom of movement

---

interview the defendant. There was some delay there during the video while he gave a "comfort break," we'll call it, to the defendant. And so that took up several minutes before the actual arrest.

Again, focusing on the time between the actual interview beginning, which Officer Roman tried to begin before the comfort break, it was not an unreasonable amount of time in light of the accident investigation and his having to travel to that scene as backup for this officer on the DWI Investigation. And so I will deny the motion to suppress.

Did address [sic] everything you're going to need?

**APPELLANT'S COUNSEL**: Yes, ma'am.

**THE COURT**: Okay.

**APPELLANT'S COUNSEL**: As far as findings of facts and so forth? Yes, ma'am, thank you.

was restrained to the degree associated with a formal arrest. *Dowthitt*, 931 S.W.2d at 254. The reasonable person standard presupposes an innocent person. *Id.* In assessing the circumstances surrounding the seizure, allowances must be made for the fact that officers must often make quick decisions under tense, uncertain, and rapidly changing circumstances. *Rhodes v. State*, 945 S.W.2d 115, 118 (Tex. Crim. App. 1997). We therefore look to the reasonableness of the officer's actions, which is to be judged from the perspective of a reasonable officer at the scene, rather than with the advantage of hindsight. *Id.* In this regard, officers may use such force as is reasonably necessary to effect the goal of the detention: investigation, maintenance of the status quo, or officer safety. *Id.* at 117. Accordingly, handcuffing alone does not necessarily convert an investigative detention into an arrest. *See State v. Sheppard*, 271 S.W.3d 281, 283 (Tex. Crim. App. 2008) ("[A] person who has been handcuffed has been 'seized' and detained under the Fourth Amendment, but he has not necessarily been 'arrested.'"); *Rhodes*, 945 S.W.2d at 117–18. Additionally, an investigative detention implies that the obtrusive act is for the purpose of actually investigating. *Burkes v. State*, 830 S.W.2d 922, 925 (Tex. Crim. App. 1991). Where no investigation is undertaken, the detention rises to the level of an arrest. *Id.*

The facts of this case demonstrate that Owens's seizure of appellant did not rise to the level of an arrest. The trial court found that Owens was alone with citizens, the fire department, vehicles blocking the road, and a person she believed to be intoxicated. The trial court further found that appellant was detained for approximately thirty minutes before Roman arrived to conduct the DWI investigation and that Roman quickly assessed the situation and interviewed the defendant. The record supports the trial court's findings that Owens was alone, had to "clear the scene," and believed appellant was intoxicated. Pursuant to

department policy and for her safety and the safety of appellant, Owens handcuffed appellant and placed him in the patrol car to wait for the DWI investigator to arrive. The record supports the finding that appellant was detained for approximately thirty minutes before Roman's arrival and that Roman began the DWI investigation promptly after arriving on the scene.

The trial court properly concluded from these facts that Owens's seizure of appellant was not an arrest, but rather was a temporary detention for the purpose of conducting an investigation as soon as back-up arrived to perform DWI investigation. We overrule appellant's second issue.

## C. Owens had reasonable suspicion to seize appellant.

In his first issue, appellant contends his detention was not based on reasonable suspicion. Under the Fourth Amendment, a brief investigative detention must be justified by reasonable suspicion.[3] *Matthews v. State*, 431 S.W.3d 596, 602–03 (Tex. Crim. App. 2014). An officer has reasonable suspicion if she has "specific articulable facts that, combined with rational inferences from those facts, would lead [her] reasonably to conclude that the person detained is, has been, or soon will be engaged in criminal activity." *Id.* at 603 (quoting *Derichsweiler v. State*, 348 S.W.3d 906, 914 (Tex. Crim. App. 2011)). In determining whether

---

[3] Although appellant's Issues One and Two assert that the seizure violated his rights under both the Fourth Amendment and Article I, Section 9 of the Texas Constitution, appellant has not presented any argument or authority as to how protection under the Texas Constitution differs from any protection guaranteed by the United States Constitution. *See Riddle v. State*, 888 S.W.2d 1, 8 (Tex. Crim. App. 1994). Texas courts are not bound by Fourth Amendment precedent when interpreting Article I, Section 9 of the Texas Constitution. *Telshow v. State*, 964 S.W.2d 303, 305 (Tex. App.—Houston [14th Dist.] 1998, no pet.), *overruled on other grounds*, *Richards v. State*, 150 S.W.3d 762 (Tex. App.—Houston [14th Dist.] 2004, pet. ref'd) (en banc). However, absent guidance from the Court of Criminal Appeals and without arguments for a different interpretation from appellant, we will interpret Article I, Section 9 as consistent with the interpretation of the Fourth Amendment by the United States Supreme Court and the Court of Criminal Appeals. *Telshow*, 964 S.W.2d at 305; *see, e.g.*, *Guerra v. State*, 432 S.W.3d 905, 911 (Tex. Crim. App. 2014).

reasonable suspicion exists, we must look objectively at the totality of the circumstances and disregard the officer's subjective intent. *Id.*

Again, the trial court found that Owens was alone with citizens, the fire department, vehicles blocking the road, and a person she believed to be intoxicated. The trial court determined that it was not unreasonable for Owens to handcuff appellant and detain him in the backseat of her patrol car. The record supports the trial court's findings. The evidence shows that Officer Owens was responding to a vehicle accident. Owens observed appellant standing outside his vehicle. Appellant was unsteady on his feet. Appellant acknowledged that he had been driving one of the cars involved in the accident. Owens noticed that appellant's speech was slurred, and she smelled alcohol on appellant's breath. Owens concluded that appellant might be intoxicated and requested assistance from an officer trained to conduct DWI investigations. Owens handcuffed appellant and placed him in her patrol car until another officer arrived to conduct the DWI investigation.

Under these circumstances, it was reasonable for Owens to suspect that appellant was intoxicated and to temporarily detain him for further investigation. *See Goldberg v. State*, 95 S.W.3d 345, 361 (Tex. App.—Houston [1st Dist.] 2002, pet. ref'd). We overrule appellant's first issue.

**D.     Appellant's right to *Miranda* warnings was not triggered during the investigative detention.**

In his third issue, appellant contends any statement made after Owens handcuffed him and placed him in the car, but before Roman concluded the DWI investigation and arrested him, should not be admitted under *Miranda v. Arizona*, 384 U.S. 436, 467–68 (1966). In considering appellant's second issue, we determined appellant was temporarily detained, not arrested, when Owens placed

8

him in the back of the patrol car to wait for another officer to conduct the DWI investigation. Although an investigative detention is considered a seizure under the Fourth Amendment, it is characterized by lesser restraint than an arrest. *See Berkemer v. McCarty*, 468 U.S. 420, 439–40 (1984); *Francis v. State*, 922 S.W.2d 176, 178 (Tex. Crim. App. 1996) (investigative detention is a seizure). Persons temporarily detained for the purposes of an investigation are not "in custody" for *Miranda* purposes, and the right to *Miranda* warnings is not triggered during an investigative detention. *See Berkemer*, 468 U.S. at 440; *State v. Stevenson*, 958 S.W.2d 824, 829 (Tex. Crim. App. 1997).

Because appellant's statements at the scene of the accident were made during an investigative detention, he was not entitled to *Miranda* warnings. We overrule appellant's third issue.

### Article 38.23 Instruction

In his fourth issue, appellant contends that the trial court erred in denying his request for an Article 38.23 jury instruction on improperly obtained evidence.

### A. Applicable Law

Article 38.23 provides that "[n]o evidence obtained by an officer . . . in violation of any provisions of the Constitution or laws of the State of Texas, or of the Constitution or laws of the United States of America, shall be admitted against the accused on the trial of any criminal case." Tex. Code Crim. Proc. Ann. art. 38.23(a). When an issue exists as to whether the evidence was obtained illegally, the jury must be instructed that "if it believes, or has a reasonable doubt, that the evidence was obtained in violation of the provisions of [Article 38.23], then . . . the jury shall disregard such evidence so obtained." *Id.* The defendant must meet three requirements before he is entitled to the submission of an article 38.23 instruction: (1) the evidence heard by the jury must raise an issue of fact; (2) the evidence on

that fact must be affirmatively contested; and (3) the contested factual issue must be material to the lawfulness of the challenged conduct in obtaining the evidence. *Madden v. State*, 242 S.W.3d 504, 510 (Tex. Crim. App. 2007). The trial court must give the instruction when an issue of fact is raised. *Id.*

**B.    The trial court did not err in refusing to submit an Article 38.23 jury instruction because the evidence did not raise an issue of fact.**

We do not perceive a material factual dispute in this case. To raise a disputed fact issue warranting an Article 38.23(a) jury instruction, there must be some affirmative evidence that puts the existence of that fact into question. *Madden*, 242 S.W.3d at 513. A cross-examiner's questions do not create a conflict in the evidence, but a witness's answers to those questions might. *Id.*

Appellant first claims the disputed fact issue is whether Owens smelled alcohol and heard slurred speech. During cross-examination of both Owens and Roman, appellant's counsel pointed out that the officers' respective police reports did not mention appellant's breath or slurred speech. Owens acknowledged that her observations did not appear in her police report. Owens never admitted, however, that she did not smell alcohol or observe slurred speech. Officer Roman also acknowledged that Owens's observations did not appear in the reports, but he never testified that Owens did not smell alcohol or hear slurred speech. To the contrary, Roman corroborated Owens's testimony when he testified that he detected the odor of alcohol during his conversation with appellant.

Appellant has not presented affirmative evidence that Owens did not smell alcohol on appellant's breath or hear that appellant's speech was slurred. Despite appellant's cross-examination of Owens and Roman, neither officer admitted Owens was wrong about appellant's breath or speech. *See id.* at 514–15.

Appellant next claims that "similar issues were raised and affirmatively

10

contested over [appellant's] 'custody' status to the point of an arrest without probable cause and/or un-*Mirandized* custodial statements." It is undisputed that appellant was handcuffed and placed in the back of the patrol car for some period of time. Appellant does not identify, and we did not discover in our review of the record, any allegedly conflicting facts relevant to his custody status that would entitle him to an Article 38.23 instruction.

Because appellant did not identify any affirmative evidence putting the existence of a fact into conflict, the trial court did not err when it refused to submit an Article 38.23 instruction. We overrule appellant's fourth issue.

## Conclusion

Having overruled each of appellant's issues, we affirm the trial court's judgment.


/s/    Marc W. Brown
        Justice


Panel consists of Justices Jamison, Busby, and Brown.
Publish — TEX. R. APP. P. 47.2(b).

11