

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-25-00365-CR

CODY BENTLY, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the County Criminal Court No. 4
Tarrant County, Texas
Trial Court No. 1859649, Honorable Deborah Nekhom, Presiding

March 17, 2026

MEMORANDUM OPINION[1]

Before PARKER, C.J., and DOSS and YARBROUGH, JJ.

Appellant, Cody Bently, appeals from his conviction, following a plea agreement, of the offense of driving while intoxicated.[2]  Through this appeal, he contends the trial court harmfully erred when it denied his motion to suppress.  We affirm.

---

[1] Because this matter was transferred from the Second Court of Appeals, we apply its precedent when it conflicts with that of the Seventh Court of Appeals.  TEX. R. APP. P. 41.3.

[2] TEX. PENAL CODE § 49.04.

## BACKGROUND

On February 12, 2025, a Fort Worth police officer initiated a traffic stop on a vehicle driven by Appellant. She stopped Appellant after seeing him driving on a street in Fort Worth and leaving his lane of traffic on more than one occasion. She noted a specific danger because Appellant was traveling up a hill and could not clearly see oncoming traffic. Appellant was eventually arrested and charged with driving while intoxicated.[3]

Prior to trial, Appellant filed a motion to suppress, arguing the officer did not have reasonable suspicion to stop his vehicle. The court held a hearing in September 2025, during which the officer who stopped him testified. At the conclusion of the hearing, the trial court denied the motion to suppress, stating "[w]hat I saw from your client and his driving in the videotape is that he crossed over the lane line, whether it was highly visible or not, is he crossed into what would be considered oncoming traffic." The court also determined that "swerving into the lane of oncoming traffic is unsafe." Appellant later pleaded guilty to the offense but preserved his right to appeal the ruling on the motion to suppress.

## ANALYSIS

Through two issues, Appellant claims (1) the trial court erred when it denied his motion to suppress, and (2) the error was harmful. He contends the officer did not have reasonable suspicion to stop him because any departure from his lane of traffic was not unsafe as required under the applicable statute and the road was not clearly marked such

---

[3] Another officer arrived on scene to conduct field sobriety tests. The officer who stopped Appellant informed that officer of her observations and he included them in his report.

2

that the statute was enforceable under these circumstances. We overrule Appellant's first issue, and consequently, do not reach his second.

Standard of Review and Applicable Law

We review a trial court's ruling on a motion to suppress under a bifurcated standard. *State v. Hardin*, 664 S.W.3d 867, 871 (Tex. Crim. App. 2022). We give almost total deference to a trial court's determination of historical facts and credibility when supported by the record. *Id.* Likewise, we afford almost total deference to a trial court's ruling on mixed questions of law and fact, if the resolution to those questions turns on the evaluation of credibility and demeanor. *Id.* at 871–72. We review de novo the trial court's application of the law to the facts. *Hauer v. State*, 466 S.W.3d 886, 890 (Tex. App.—Houston [14th Dist.] 2015, no pet.). We will sustain the trial court's ruling if it is reasonably supported by the record and is correct on any theory of law applicable to the case. *Id.*

A trial judge's findings on a motion to suppress may be written or oral. *State v. Cullen*, 195 S.W.3d 696, 699 (Tex. Crim. App. 2006). Here, while there was discussion of requesting findings, no written findings appear in the record. The trial court did, however, make some oral comments and findings at the conclusion of the hearing that are akin to written findings. Oral findings of fact can be considered as findings of fact on the record and given due deference. *Hauer*, 466 S.W.3d at 890–91 (citing *Cullen*, 195 S.W.3d at 699, stating trial court's findings and conclusions from suppression hearing need to be recorded in some way, whether written out and filed by trial court or stated on record at hearing); *Flores v. State*, 177 S.W.3d 8, 13 (Tex. App.—Houston [1st Dist.] 2005, pet. ref'd) (reviewing trial court's oral findings of fact on motion to suppress)).

3

Reasonable suspicion is supported by the record only when the record contains testimony including "specific, articulable facts" that would have led the officer to reasonably conclude that a person had engaged or was about to engage in criminal activity. *Castro v. State*, 227 S.W.3d 737, 741 (Tex. Crim. App. 2007). But, an "actual violation does not need to have occurred; rather, it is only necessary that the officer had a reasonable suspicion that a violation occurred." *Adams v. State*, No. 02-24-00249-CR, 2025 Tex. App. LEXIS 3903, at *2 (Tex. App.—Fort Worth June 5, 2025, pet. ref'd) (mem. op., not designated for publication). Furthermore, an officer's mistaken interpretation of a statute does not necessarily undermine a finding of reasonable suspicion. *See Daniel v. State*, 683 S.W.3d 777, 783 (Tex. Crim. App. 2024) (discussing history of law concerning section 545.060(a) and accompanying confusion, finding officer's interpretation of statue did not result in lack of reasonable suspicion to support traffic stop).

Transportation Code section 545.060 requires a driver, driving on a roadway divided into two or more clearly marked lanes for traffic, to remain in a single lane "as nearly as practical" and not move from the lane unless the movement can be made safely. TEX. TRANSP. CODE § 545.060(a). A traffic offense under this provision occurs when the move from the lane of traffic is unsafe. *Hardin*, 664 S.W.3d at 875. The statute does not apply if clearly marked lanes are not present. *Id.* at 874.

Application

The record before us includes the testimony of the officer and the footage from her dashboard camera. It shows the road on which Appellant was driving was not well-

4

maintained and did not have particularly clear lane markings. Traffic was light the night of the stop. The footage shows, and the officer testified, that Appellant left his lane of traffic on more than one occasion. The officer testified it was her belief that conduct was sufficient to initiate the stop, given the fact that a reasonable person driving down this street would know it was a two-lane road.

As an initial matter, we consider whether section 545.060(a) is applicable here since it is enforceable only when there are clearly marked lanes. The footage shows the road is not well-maintained and the dividing line is not very clear down the middle. The officer even testified to that. However, a line can be seen at certain points and other cars behaved in such a way that it is, as found by the trial court, "easy enough to see that there are sufficient lane markers for anybody who is driving and paying attention to know it is a two-lane road." Therefore, we find section 545.060(a) applies here.

Next, we evaluate whether the officer's mistaken interpretation of section 545.060(a), i.e., that all that was required was a failure to stay in the lane of traffic as nearly as practicable, required a finding that reasonable suspicion was not shown. We find it does not. In *Daniel*, 683 S.W.3d at 778, the court addressed a situation in which the defendant crossed into another lane several times when there was no other traffic. The court discussed the differing opinions of various courts concerning this statute and concluded that the officer's confusion was reasonable and did not undermine the finding of reasonable suspicion. *Id.* at 783. We find the same to be true here. *See Dugar v. State*, 629 S.W.3d 494, 500–01 (Tex. App.—Beaumont 2021, pet. ref'd) (finding trial court did not err in denying motion to suppress because Fourth Amendment "tolerates

5

*reasonable* mistakes," such as those involving interpretation by officer of requisites of section 545.060 (emphasis in original)).

Lastly, we consider whether Appellant's departures from the lane of traffic were unsafe. The dashcam footage shows that a car that was behind Appellant for a short period of time applied its brakes several times. That behavior could have indicated that driver's perception of safety concerns about Appellant's driving. *See Adams*, 2025 Tex. App. LEXIS 3903, at *6–7 (discussing similar concern). The footage also shows the headlights of a car that was driving on the road traveling in the opposite direction when Appellant drifted into the oncoming lane of traffic. This distinguishes this case from others, such as *Hardin*, 664 S.W.3d at 870–71, in which the evidence showed no other vehicles at the time of the failure to maintain a single lane. We note also that a trial court is permitted to draw inferences, such as safety concerns, from the video and facts presented. *Rivera v. State*, No. 07-24-00373-CR, 2025 Tex. App. LEXIS 6548, at *6 (Tex. App.—Amarillo Aug. 25, 2025, no pet.) (mem. op., not designated for publication). The court did so here, stating "[t]he fundamental truth of the matter is that swerving into the lane of oncoming traffic is unsafe. Period. Full stop." Additionally, the trial court's comments at the end of the suppression hearing, including that an officer needs to "be given the benefit of the doubt" concerning section 545.060, indicates it found the officer's testimony credible. *See id.*

We find the testimony and the video, viewed in the requisite light, demonstrated that the officer had specific articulable facts from which she could reasonably conclude that Appellant's failure to drive as nearly as practicable within his lane was unsafe. The trial court did not err in denying Appellant's motion to suppress on this basis.

Given our disposition of Appellant's first issue, we need not consider his second. TEX. R. APP. P. 47.1.

## CONCLUSION

We affirm the judgment of the trial court.

Judy C. Parker
Chief Justice

Do not publish.