**Affirmed and Memorandum Opinion filed December 13, 2018.**



In The

# Fourteenth Court of Appeals

NO. 14-17-00897-CR
NO. 14-17-00898-CR

**CECIL DARNELL WORTHY, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 182nd District Court
Harris County, Texas
Trial Court Cause Nos. 1469652 & 1469653**

## M E M O R A N D U M   O P I N I O N

Appellant Cecil Darnell Worthy was convicted by a jury of two felony offenses of indecency with a child and sentenced by the trial judge to life imprisonment. On appeal, appellant contends that the trial court erred in admitting extraneous offense evidence during the guilt/innocence phase of the trial and that the evidence is insufficient to support his convictions. We affirm.

## BACKGROUND

Appellant is married to the complainant's grandmother. In January 2015, when the complainant was eight years old, the complainant's mother took her to her pediatrician because her grades had been falling, she had insomnia, and she had alleged that she had been inappropriately touched two to three weeks earlier at her grandmother's house. The complainant told the pediatrician that her step-grandfather had "touched her in her privates." The complainant's mother also called the police. After a criminal investigation, appellant was charged by indictments with two offenses of indecency with a child.

At the time of trial, the complainant was eleven years old. The complainant testified that appellant had touched her "middle part" with his hand on two separate occasions.[1] On a third occasion, appellant got on top of the complainant on her grandmother's bed and "moved around" on her. Appellant told the complainant not to tell anyone, but she eventually told her mother. The complainant could not remember when the incidents occurred or how long it was before she told her mother. The complainant testified that her mother was not in court with her and was not going to testify.

## ANALYSIS

In his first three issues, appellant contends that the trial court committed evidentiary error by (1) admitting extraneous offense evidence in violation of appellant's right to due process; (2) allowing extraneous offense evidence in violation of Texas Rule of Evidence 403; and (3) admitting a previous judgment for aggravated sexual assault of a child into evidence during the guilt/innocence phase of trial. In his fourth issue, appellant contends that the evidence is insufficient to

---

[1] The complainant testified that the "middle part" is where pee comes out.

support the jury's verdicts. We first address appellant's fourth issue because it challenges the sufficiency of the evidence and seeks rendition and a judgment of acquittal.

## I. Sufficiency of the Evidence

In his fourth issue, appellant contends that the evidence is insufficient to support his convictions. Appellant points out that the complainant was the sole witness to the alleged encounters, and there is no physical evidence, forensic evidence, or medical evidence to corroborate the complainant's allegations. Appellant argues that the evidence is insufficient because the complainant's credibility was improperly bolstered by the admission of the extraneous offense evidence which is the subject of appellant's first three issues on appeal.

### A. Standard of Review

We review the sufficiency of the evidence to support a conviction by viewing the evidence in the light most favorable to the verdict to determine whether any rational fact finder could have found the essential elements of the crime beyond a reasonable doubt. *See Arroyo v. State*, No. PD-0797-17, 2018 WL 4344410, at *2 (Tex. Crim. App. Sept. 12, 2018) (citing *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)). This standard gives "full play to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." *Id*. (quoting *Jackson*, 443 U.S. at 319). The jury, as the judge of the facts and credibility of the witnesses, may choose to believe or not believe the witnesses or any portion of their testimony. *Sharp v. State*, 707 S.W.2d 611, 614 (Tex. Crim. App. 1986). We must consider all the evidence admitted at trial, even improperly admitted evidence, when performing a sufficiency review. *Moff v. State*, 131 S.W.3d 485, 489–90 (Tex. Crim. App. 2004).

A person commits the offense of indecency with a child if, with a child younger than seventeen years of age, the person engages in sexual contact with the child or causes the child to engage in sexual contact. Tex. Penal Code § 21.11(a)(1). "Sexual contact" includes any touching by a person, including touching through clothing, of the anus, breast, or any part of the genitals of a child, done with the intent to arouse or gratify the sexual desire of any person. *Id.* § 21.11(c)(1). The indictments against appellant in each case alleged that appellant unlawfully engaged in sexual contact with the complainant, a person younger than seventeen years of age, by touching the complainant's genitals with the intent to arouse and gratify appellant's sexual desire.[2] The jury charges tracked the language of the indictments.

## B.    Application of the Law to the Facts

The complainant testified that the first time appellant touched her middle part, she was at her grandmother's house. The complainant, her younger sister, and appellant were on the living room couch playing "tickle fight" while the complainant's mother and grandmother were upstairs. During the tickle fight, appellant put his hand under her shorts and underwear and touched her middle part. The complainant made hand gestures to demonstrate how appellant moved his hand around on her middle part. The complainant did not know if her sister saw anything. Appellant's actions made the complainant feel sad, and she told appellant to leave her alone. Appellant then took the complainant to the kitchen and told her not to tell anyone.

The complainant testified that the second time appellant touched her, it was a different day at her grandmother's house. The complainant was on the living room couch playing with her phone while her sister, mother, and grandmother were at the

---

[2] Cause No. 1469652 alleged an offense date of on or about December 3, 2014, and Cause No. 1469653 alleged an offense date of on or about December 15, 2014.

4

kitchen table. Appellant came up next to her, put a pillow on top of her, and put his hand under her clothes and started touching her middle part. Using a tissue box, the complainant demonstrated how appellant touched her with his hand and index finger. The complainant testified that appellant's actions made her feel sad and she walked away.

The complainant testified that the third time appellant touched her, she had gone upstairs to get some perfume from her grandmother's bathroom. When the complainant came out of the bathroom to tie her shoe, appellant got on top of her on the bed and began "moving around" on her. She did not remember appellant touching any particular parts of her body that time. When the complainant's sister came in, appellant got off the complainant and acted like he was tying her shoe. Appellant did not say anything and went downstairs.

The complainant testified that after the third incident with appellant, she told her mother that appellant had inappropriately touched her. The complainant's mother was the first person the complainant told. After that, the complainant also told her aunt, the police, and her doctor. The pediatrician's testimony at trial and his notes concerning what the complainant told him about appellant's conduct were consistent with the complainant's testimony. Although the pediatrician found no physical injuries after examining the complainant, he testified that he would not expect to find injuries based on an allegation of touching only. The officer who responded to the complainant's mother's call testified that the complainant was willing to answer his questions and her answers remained consistent throughout the interview. After interviewing the complainant and her mother, the officer contacted the appropriate police division and Child Protective Services.

The jury also heard evidence of an extraneous offense committed by appellant. The extraneous offense evidence showed that appellant was convicted of aggravated

sexual assault of a child in 1999. The complainant in that case was ten or eleven years old at the time of the offense, and it was alleged that appellant placed his finger in the child's female sexual organ.

The uncorroborated testimony of a child seventeen years of age or younger is sufficient to support a conviction for indecency with a child. *See* Tex. Code. Crim. Proc. art. 38.07; *Lee v. State*, 176 S.W.3d 452, 458 (Tex. App.—Houston [1st Dist.] 2004), *aff'd*, 206 S.W.3d 620 (Tex. Crim. App. 2006). The State is not required to produce any corroborating or physical evidence. *Martines v. State*, 371 S.W.3d 232, 240 (Tex. App.—Houston [1st Dist.] 2011, no pet.). Moreover, the intent to arouse or gratify may be inferred from the defendant's conduct. *McKenzie v. State*, 617 S.W.2d 211, 216 (Tex. Crim. App. 1981); *see also Billy v. State*, 77 S.W.3d 427, 429 (Tex. App.—Dallas 2002, pet ref'd) (holding that complainant's testimony that the "appellant put his hand inside her panties, on her private part, and moved his hand around for a couple of minutes" was sufficient to support an inference that appellant acted with requisite intent).

Appellant acknowledges that a child complainant's testimony alone is sufficient to uphold a conviction for a sexual offense, but he argues that in this case the extraneous offense evidence improperly bolstered the complainant's testimony. Even if the extraneous offense evidence was admitted in error, this court is required to consider all the evidence presented at trial, whether properly or improperly admitted, in assessing the sufficiency of the evidence to support the appellant's conviction. *See Moff*, 131 S.W.3d at 489–90; *see also Jessop v. State*, 368 S.W.3d 653, 663 (Tex. App.—Austin 2012, no pet.) ("In determining the legal sufficiency of the evidence, we must consider all the evidence in the record, whether direct or circumstantial, properly or improperly admitted, or submitted by the prosecution or the defense.").

As appellant notes, the State's prosecution rested largely on the complainant's testimony. The complainant's credibility and the weight of the evidence is a matter solely for the jury to determine. *See Arroyo*, 2018 WL 4344410, at *2; *Sharp*, 707 S.W.2d at 614. This court's role on appeal is restricted to guarding against the rare occurrence when the fact finder does not act rationally. *Arroyo*, 2018 WL 4344410, at *2. On this record, we conclude that the jury acted rationally in finding appellant guilty of the charged offenses, particularly given that the complainant's testimony was clear, consistent, and corroborated by the pediatrician's testimony and notes made soon after the offenses occurred.

We hold that the evidence is sufficient to support appellant's convictions for indecency with a child. We overrule appellant's fourth issue.

## II. Admission of Extraneous Offense Evidence

Appellant raises three issues concerning the trial court's admission of extraneous offense evidence, contending that the trial court abused its discretion by admitting (1) extraneous offense evidence pursuant to article 38.37, section 2(b) of the Texas Code of Criminal Procedure in violation of appellant's right to due process; (2) extraneous offense evidence in violation of Texas Rule of Evidence 403; and (3) a previous judgment for aggravated sexual assault of a child during the guilt/innocence phase of trial. We address each issue in turn.

### A. Relevant Background

The State gave notice in both cases that it intended to use extraneous offenses and prior convictions. In response, appellant's counsel objected and filed a lengthy trial brief in support of his arguments. A pre-trial hearing was conducted, during which the State offered as its intended evidence: (1) a stipulation by appellant that he had been convicted of aggravated sexual assault in 1999; (2) a penitentiary packet

corresponding to the stipulation; and (3) a witness to testify that she saw appellant with the extraneous offense complainant (T.W.) in the kitchen, T.W. appeared distraught, appellant made certain statements, and the witness helped T.W. get out of that room and gave T.W. a safe place to stay. The trial court determined that the evidence likely to be admitted at trial was adequate to support a finding by the jury that appellant committed the offense beyond a reasonable doubt and held that the evidence was admissible.

At trial, appellant's stipulation and penitentiary packet were admitted into evidence. The witness, appellant's niece, testified that, on December 25, 1998, her cousin T.W. was ten or eleven years old and spending Christmas with the family. Appellant's niece testified that she went into the kitchen and saw appellant with T.W. Appellant was either standing over or in front of T.W. with his hand on her shoulder, and T.W. was crying. Appellant's niece asked was what wrong, and appellant said, "What? What? Did I bite you?" Appellant's niece told T.W. to go upstairs. T.W. did not want to talk and stayed upstairs with her. Appellant's niece was aware that after that, a police investigation of appellant ensued, charges were filed against appellant with T.W. as the complainant, and appellant was convicted.

The trial court included in the jury charge a limiting instruction concerning this evidence:

> The State has introduced evidence of extraneous crimes or bad acts other than the one charged in the indictment in this case. This evidence was admitted only for the purpose of assisting you, if it does, for any bearing the evidence has on relevant matters, including the character of the defendant and acts performed in conformity with the character of the defendant. You cannot consider the testimony unless you find and believe beyond a reasonable doubt that the defendant committed these acts, if any.

8

### B.    Constitutionality of Article 38.37, Section 2(b)

In his first issue, appellant contends that the trial court abused its discretion in admitting the extraneous offense evidence pursuant to Article 38.37, Section 2(b) of the Texas Code of Criminal Procedure, which provides:

> (b) Notwithstanding Rules 404 and 405, Texas Rules of Evidence, and subject to Section 2–a, evidence that the defendant has committed a separate offense described by Subsection (a)(1) or (2) may be admitted in the trial of an alleged offense described by Subsection (a)(1) or (2) for any bearing the evidence has on relevant matters, including the character of the defendant and acts performed in conformity with the character of the defendant.

Tex. Code Crim. Proc. art. 38.37, § 2(b). Appellant asserts that the admission of this evidence violated his right to due process under the Fifth and Fourteenth Amendments of the United States Constitution by depriving him of the right to an impartial jury, infringing on the presumption of innocence, and lowering the State's burden of proof.[3]

As appellant acknowledges, this court has previously addressed similar complaints in *Harris v. State* and held that Article 38.37, Section 2(b) does not violate due process. *See* 475 S.W.3d 395, 400–03 (Tex. App.—Houston [14th Dist.] 2015, pet. ref'd). Among other things, the *Harris* court concluded that an appellant's right to a fair and impartial trial is protected by the numerous procedural safeguards provided in the statute. *Id.* at 402. The court also concluded that the statute neither

---

[3] Appellant also complains that admission of the evidence also violated Article 1, Section 19 of the Texas Constitution and Article 1.04 of the Texas Code of Criminal Procedure. To the extent appellant relies on Article 1.04 of the Texas Code of Criminal Procedure, appellant did not raise this ground in either his pretrial brief or the hearing on his objections and so has failed to preserve it. *See* Tex. R. App. P. 33.1. And, because appellant has not argued that the state constitution offers greater protections than the federal constitution, he has waived his state constitutional claim. *See Muniz v. State*, 851 S.W.2d 238, 251 (Tex. Crim. App. 1993). Appellant's complaint is thus limited to a federal due process claim.

9

lessens the appellant's presumption of innocence nor alters the State's burden of proof. *Id.* And, as in this case, the trial court included an appropriate limiting instruction. *See id*. at 403; *see also Distefano v. State*, 532 S.W.3d 25, 37–39 (Tex. App.—Houston [14th Dist.] 2016, pet. ref'd) (holding that Article 38.37, Section 2 did not violate due process and noting that the court's charge included a limiting instruction on the extraneous offense).

Other Texas intermediate courts have also rejected similar challenges to the constitutionality of Article 38.37, Section 2(b). *See, e.g.*, *Buxton v. State*, 526 S.W.3d 666, 688–89 (Tex. App.—Houston [1st Dist.] 2017, pet. ref'd); *Bezerra v. State*, 485 S.W.3d 133, 139–40 (Tex. App.—Amarillo 2016, pet. ref'd); *Robisheaux v. State*, 483 S.W.3d 205, 213 (Tex. App.—Austin 2016, pet. ref'd); *Belcher v. State*, 474 S.W.3d 840, 847 (Tex. App.—Tyler 2015, no pet.). In contrast, appellant cites no authority that is on point and contrary to this court's prior holding. We decline appellant's invitation to reconsider our decision in *Harris* because we are required to follow our precedent absent an intervening decision from a higher court or from this court sitting en banc. *See, e.g.*, *Lopez v. State*, 478 S.W.3d 936, 943 (Tex. App.—Houston [14th Dist.] 2015, pet. denied); *Medina v. State*, 411 S.W.3d 15, 20 n.5 (Tex. App.—Houston [14th Dist.] 2013, no pet.). We overrule appellant's second issue.

### C.     Admissibility of the Evidence Under Rule 403

In his third issue, appellant contends that the trial court abused its discretion in admitting the extraneous offense evidence over his objection because its probative value was substantially outweighed by the danger of unfair prejudice. *See* Tex. R. Evid. 403. Even when evidence of a defendant's extraneous acts is otherwise relevant and admissible under Article 38.37, the trial court is required to conduct a Rule 403 balancing test upon proper objection or request. *Distefano*, 532 S.W.3d at

31; *Cox v. State*, 495 S.W.3d 898, 903 (Tex. App.—Houston [1st Dist.] 2016, pet. ref'd). Appellant argues that the balancing test weighs in favor of excluding the evidence.

We review the trial court's decision to admit evidence for abuse of discretion. *Winegarner v. State*, 235 S.W.3d 787, 790 (Tex. Crim. App. 2007). As long as the trial court's decision is within the zone of reasonable disagreement and is correct under any theory of law applicable to the case, it must be upheld. *Id.*[4] In determining whether the trial court abused its discretion in admitting the evidence, we balance the inherent probative force of the proffered item of evidence along with the proponent's need for that evidence against (1) any tendency of the evidence to suggest decision on an improper basis; (2) any tendency of the evidence to confuse or distract the jury from the main issues; (3) any tendency of the evidence to be given undue weight by a jury that has not been equipped to evaluate the probative force of the evidence; and (4) the likelihood that presentation of the evidence will consume an inordinate amount of time or merely repeat evidence already admitted. *West v. State*, 554 S.W.3d 234, 239 (Tex. App.—Houston [14th Dist.] 2018, no pet.) (citing *Gigliobianco v. State*, 210 S.W.3d 637, 641–42 (Tex. Crim. App. 2006)).

Appellant argues that the probative value factors (the inherent probative force of the evidence and the proponent's need for that evidence) weigh in favor of excluding the extraneous offense evidence. Appellant complains that the court

---

[4] Appellant urges us to review de novo the trial court's ruling admitting the extraneous offense evidence because the ruling does not involve a credibility determination, citing *State v. Stukes*, 490 S.W.3d 571, 574 (Tex. App.—Houston [14th Dist.] 2016, no pet.). In *Stukes*, this court reviewed de novo an order quashing an indictment, which this court noted was "a question of law that does not turn on an evaluation of the credibility and demeanor of a witness." *Id*. *Stukes* does not hold that an appellate court may review de novo a trial court's ruling on an objection to the admission of evidence on Rule 403 grounds. We decline appellant's request that we depart from the well-established general rule that a trial court's evidentiary rulings are reviewed for abuse of discretion.

documents and the testimony of appellant's niece, who merely saw appellant standing near T.W. in 1998, provided no factual or credible detail regarding the factual allegations of the extraneous conviction, and T.W. did not testify against appellant. Thus, appellant maintains, any potential probative value of the extraneous offense evidence was diminished by the absence of facts and circumstances that would have provided the trier of fact with the proper context in which to place the evidence. Further, appellant argues that admission of the extraneous offense evidence with so little corroborative evidence served only to confuse or distract the jury, and also provided an avenue for the jury to conclude that appellant committed the charged offense in conformity with his character rather than the actual evidence of the charged offense, making it unfairly prejudicial.

The Court of Criminal Appeals has long stated that sexual misconduct involving children is inherently inflammatory. *See Montgomery v. State*, 810 S.W.2d 372, 397 (Tex. Crim. App. 1991) (op. on reh'g). At the same time, however, "evidence that a defendant has sexually abused another child is relevant to whether the defendant sexually abused the child-complainant in the charged case." *Caston v. State*, 549 S.W.3d 601, 612 (Tex. App.—Houston [1st Dist.] 2017, no pet.); *see Alvarez v. State*, 491 S.W.3d 362, 371 (Tex. App.—Houston [1st Dist.] 2016, pet. ref'd) (explaining that the Rule 403 balancing test normally favors admission of the defendant's prior sexual assaults of children in child sexual offense cases because such evidence "was especially probative of [the defendant's] propensity to sexually assault children") (quoting *Belcher*, 474 S.W.3d at 848). Thus, the evidence that appellant has sexually abused another child is relevant to whether appellant sexually abused the complainant in this case and weighs in favor of admission.

Appellant's prior conviction is also relevant to the complainant's credibility, as the complainant was the only eyewitness to the offense and no physical evidence

12

supported her allegations against appellant. *See Robisheaux*, 483 S.W.3d at 220 (concluding that State's need for extraneous evidence weighed "strongly in favor of admission" because the case was based on the complainant's testimony alone); *Belcher*, 474 S.W.3d at 848 (affirming trial court's admission of prior alleged extraneous offenses against children when complainant was the only eyewitness to the charged offense, there was no physical evidence to support her accusation, and her credibility "was clearly the focal issue in the case"). Thus, the State's need for the evidence also weighs in favor of admission.

And, although appellant complains that the extraneous offense evidence offered provided "no credible detail" of appellant's prior offense against T.W., the extraneous offense evidence included an indictment which alleged that appellant penetrated the female sexual organ of T.W., who was younger than fourteen years old, by placing his finger in T.W's female sexual organ—conduct that is very similar to the conduct the complainant alleged against appellant and thus weighs in favor of admission. *See Bezerra*, 485 S.W.3d at 141 (holding that despite remoteness of the extraneous offense, the trial court could have reasonably determined that the "remarkable similarities" between the extraneous offenses and charged offenses strengthened the probative force of the evidence).

Finally, we note that the presentation of the extraneous offense evidence did not take much time and was not cumulative of any other evidence presented. It is also unlikely that the extraneous offense evidence confused the issues, since the jury was instructed on the limited purpose for which the evidence could be considered, if at all, by the jury. We hold that the trial court did not abuse its discretion by admitting the extraneous offense evidence over appellant's Rule 403 objection. We overrule appellant's second issue.

**D. Admissibility of Previous Judgment**

In his third issue, appellant contends that even if the evidence of his extraneous conviction was not improperly admitted, the trial court nevertheless abused its discretion in admitting appellant's Texas Department of Criminal Justice—Institutional Division penitentiary packet (pen packet) because the pen packet included documents containing prejudicial information. Specifically, appellant argues that certain documents in the pen packet informed the jury that the appellant had been an "inmate" of the Texas Department of Criminal Justice—Institutional Division and thus had been to prison as a result of the extraneous conviction; the indictment provided factual details concerning the extraneous allegation that the State was unable to produce through live testimony; and the mandate of affirmance from the appellate court informed the jury that appellant's conviction was upheld with "no error in the judgment below." Appellant asserts that in light of his stipulation, the pen packet was cumulative and thus highly prejudicial.

The State argues that appellant failed to preserve this issue for appellate review. We agree. In his trial brief, appellant argued generally that the totality of the "extraneous conduct evidence" should be excluded under Rule 403, but he did not argue that the evidence was cumulative or make any objection specific to the pen packet or its contents. At the hearing on appellant's objections, the State indicated it intended to offer the pen packet as a separate exhibit. The trial judge approved the State's redaction of information concerning appellant's sentence on the face of the judgment contained in the pen packet, and appellant agreed that the redaction had been made correctly. Although appellant was granted a running objection on his Rule 403 objection to the extraneous offense evidence generally, appellant did not object to the admission of the pen packet as overly prejudicial considering the stipulation and witness testimony about the extraneous offense. Nor did appellant

14

object to specific statements in particular documents included in the pen packet as overly prejudicial or cumulative. We conclude that appellant's general objection to the extraneous offense evidence under Rule 403 was not adequately specific to inform the trial court of the complaint urged on appeal. *See* Tex. R. App. P. 33.1(a)(1); *Moff*, 131 S.W.3d at 489.[5] Accordingly, we overrule appellant's third issue.

## CONCLUSION

We overrule appellant's issues and affirm the trial court's judgment.

/s/      Ken Wise
         Justice

Panel consists of Justices Donovan, Wise, and Jewell.
Do Not Publish — Tex. R. App. P. 47.2(b).

---

[5] Even assuming appellant's general objection to the extraneous offense evidence on Rule 403 grounds was sufficient to inform the trial court that specific information in the pen packet was cumulative and thus unduly prejudicial, any error in admitting the exhibit was harmless in light of appellant's stipulation to his prior conviction for aggravated sexual assault of a child, the lack of emphasis on the exhibit by the State after its admission, and the record as a whole, as discussed above. *See* Tex. R. App. P. 44.2(b); *Motilla v. State*, 78 S.W.3d 352, 355 (Tex. Crim. App. 2002).