The STATE of Texas, Appellant

v.

Joan Frances STUKES, Appellee

NO. 14–15–00287–CR

Court of Appeals of Texas, Houston (14th Dist.).

Opinion filed February 23, 2016

Donald W. Bankston, Richmond, TX, for Appellant.

Chad E. Bridges, Richmond, TX, for State.

Panel consists of Justices Boyce, Busby, and Brown.

## OPINION

J. Brett Busby, Justice

A grand jury indicted appellee Joan Frances Stukes for continuing family violence, a third-degree felony under section 25.11 of the Texas Penal Code. On appellee's motion, the trial court quashed the indictment. The State appeals the order quashing the indictment. We reverse and remand the cause to the trial court because the indictment sufficiently alleges the required elements of the offense.

### BACKGROUND

Appellee was indicted on February 2, 2015. The indictment alleges she:

> ... on or about July 3, 2013, did then and there intentionally, knowingly, or recklessly cause bodily injury to John Stukes, a family member, by striking him; and again within a twelve month period did then and there intentionally, knowingly, or recklessly cause bodily injury to John Stukes, a family member, by striking him and by scratching him.

Appellee filed a motion to quash the indictment on the grounds that, among other things, the indictment fails to give proper notice and specificity as to: (1) the manner and means alleged to cause the bodily injuries; (2) the bodily injuries alleged to have been suffered by the complainant; and (3) the date of the second alleged injury to the complainant. The State responded that the indictment is not required to specify the manner and means of the underlying assaults, nor is it required to specify the date as long as the indictment alleges the offense occurred before the indictment was presented.

The trial court held a hearing on appellee's motion to quash. The court rejected appellee's complaints about the first assault alleged in the indictment. As for the second assault, the judge and the State's lawyer had the following exchange:

> COURT: You go and say: Because knowingly and recklessly caused bodily injury to Mr. Stukes by striking him. Alone that would be sufficient, then you say scratching. Well, the scratching is an additional method and means of causing the offense.
>
> STATE: Yes.
>
> COURT: But I don't know what caused the scratching. I think you could assume it's a hand, but could be any device that caused a scratching. Our notice statutes would require more than that. So as to [the] first ground of failure to allege a manner and means as to the July 3rd instance, I'm going to deny [the] request to quash. But as to the second, I'm going to grant that. As to the third, I don't think that's—that falls within that motion to quash category. I'm denying that part of it. So the general scratching needs to be clarified, better notice needs to be given. That's my ruling.

The court's written order quashes the indictment on a single basis: "The indictment in this case alleges continuous family violence pursuant to Section 25.11 of the Texas Penal Code. This Court quashes the indictment because it does not specify the underlying elements of one of the predicate assault crimes—specifically the manner and means of that assault."

### ANALYSIS

#### I. Jurisdiction

The State appeals the order quashing the indictment. It is unclear from the record whether the trial court quashed the entire indictment or just the portion of the indictment regarding the second alleged assault. In either event, we have jurisdiction to hear an appeal from an order quashing an indictment in whole or in part.

Tex. Code Crim. Proc. Ann. art. 44.01(a) ("The state is entitled to appeal an order of a court in a criminal case if the order (1) dismisses an indictment, information, or complaint or any portion of an indictment, information, or complaint. . . .").

## II. Standard of review

■ The amount of deference appellate courts afford a trial court's ruling depends upon which judicial actor is better positioned to decide the issue. *Guzman v. State*, 955 S.W.2d 85, 87 (Tex.Crim.App. 1997) (citing *Miller v. Fenton*, 474 U.S. 104, 114–16, 106 S.Ct. 445, 452, 88 L.Ed.2d 405 (1985)). If the issue involves the credibility of a witness, thereby making the evaluation of that witness' demeanor important, compelling reasons exist for giving the trial court discretion in applying the law to the facts. *Guzman*, 955 S.W.2d at 87. By contrast, if the issue does not require such assessments, "the trial judge is not in an appreciably better position than the reviewing court to make that determination," so review should be de novo. *Id.*

■ Appellee's motion to quash effectively challenged the sufficiency of the indictment. *Nix v. State*, 401 S.W.3d 656, 661 (Tex.App.–Houston [14th Dist.] 2013, pet. ref'd) (complaint that indictment failed to adequately specify the activities constituting the charged offense "basically disputes the sufficiency of the indictment"). The sufficiency of an indictment is a question of law that does not turn on an evaluation of the credibility and demeanor of a witness. *State v. Moff*, 154 S.W.3d 599, 601 (Tex.Crim.App.2004). Therefore, we review de novo the order quashing the indictment. *Id.*

## III. Applicable law regarding the sufficiency of an indictment

■ The accused is entitled to fair notice of the charged offense. Tex. Const. art. I, § 10. The charging instrument must sufficiently convey this notice so that the accused may prepare his defense. *State v. Barbernell*, 257 S.W.3d 248, 250 (Tex.Crim.App.2008). An indictment must set forth the offense "in plain and intelligible words." Tex. Code Crim. Proc. art. 21.02(7). An indictment is sufficient if it charges the commission of an offense "in ordinary and concise language of common understanding to know what is meant, and with that degree of certainty that will give the defendant notice of the particular offense with which he is charged." Tex. Code Crim. Proc. art. 21.11.

■ Generally, an indictment is legally sufficient if it tracks the language of the statute in question. *Moff*, 154 S.W.3d at 602; *State v. Edmond*, 933 S.W.2d 120, 127 (Tex.Crim.App.1996). An indictment must go beyond the statutory language only when the statute is not "completely descriptive of the offense." *Haecker v. State*, 571 S.W.2d 920, 921 (Tex.Crim.App. [Panel Op.] 1978). The statutory language is not completely descriptive of the offense if it uses an undefined term of indeterminate or variable meaning. *Barbernell*, 257 S.W.3d at 251; *State v. Mays*, 967 S.W.2d 404, 407 (Tex.Crim.App.1998). In such cases, more specific pleading is required. *Mays*, 967 S.W.2d at 407. Likewise, when a statute defines the manner or means of commission in several alternative ways, an indictment will fail for lack of specificity if it does not identify which of the statutory means it addresses. *Id.*

## IV. Appellee's indictment is sufficient

■ Section 25.11 of the Texas Penal Code provides in relevant part:

(a) A person commits an offense if, during a period that is 12 months or less in duration, the person two or more times

engages in conduct that constitutes an offense under Section 22.01(a)(1) against another person or persons whose relationship to or association with the defendant is described by Section 71.0021(b), 71.003, or 71.005, Family Code.

Tex. Penal Code Ann. § 25.11(a), (b) (West 2011). Section 22.01(a)(1), in turn, defines assault. *Id.* § 22.01(a)(1) ("A person commits ánd offense if the person intentionally, knowingly, or recklessly causes bodily injury to another, including the person's spouse."). Sections 71.0021(b), 71.003, and 71.005 of the Texas Family Code describe certain familial and quasi-familial relationships. Tex. Fam. Code Ann. §§ 71.0021(b) ("dating relationship"), 71.003 ("family"), 71.005 ("household") (West 2014).

As this Court has observed, there have been few cases construing section 25.11 since it was enacted in 2009. *See Ellison v. State,* 425 S.W.3d 637, 643 & n. 1 (Tex. App.–Houston [14th Dist.] 2014, no pet.). None appears to have addressed the sufficiency of the indictment in charging the predicate assaults required by section 25.11. Therefore, we turn to cases involving other crimes that are also predicated on an underlying offense or series of offenses as we review the trial court's ruling that the indictment had to charge the manner and means of the second assault.

One such crime is engaging in organized criminal activity. Tex. Penal Code Ann. § 71.02. A person commits an offense under section 71.02 if, with certain intent, he commits or conspires to commit one or more of dozens of specified offenses, including theft. This Court considered the sufficiency of an indictment for a violation of section 71.02 in *Tan Kien Tu v. State,* 61 S.W.3d 38 (Tex.App.–Houston [14th Dist.] 2001, pet. ref'd). The indictment alleged Tu, with the requisite intent, committed the offense of theft of more than $200,000 from five specified insurance companies, over fifteen months, pursuant to a single scheme or continuing course of conduct. *See id.* at 42. Tu complained the indictment should have been quashed because it failed to provide, among other things, the manner and means of each incident of theft, any specific actions of Tu that constituted theft, and the facts surrounding each incident of theft. We rejected that argument, explaining that "in an organized crime case, the State need not allege the manner and means by which the underlying theft was committed." *Id.* at 51; *see also Kellar v. State,* 108 S.W.3d 311, 313 (Tex.Crim.App.2003); *Lucario v. State,* 658 S.W.2d 835, 837 (Tex.App.– Houston [1st Dist.] 1983, no writ) (explaining that although manner and means of theft must be alleged in theft indictment because statute defines criminal conduct in more than one way, it need not be alleged in indictment for organized criminal activity in which theft is underlying offense).

Another crime based on the commission of a separate offense is robbery, which is predicated on theft. Tex. Penal Code Ann. § 29.02(a) ("A person commits an offense if, in the course of committing theft as defined in Chapter 31 . . . ."). An indictment for robbery need not allege the manner and means of the theft. *Linville v. State,* 620 S.W.2d 130, 131 (Tex.Crim. App. [Panel Op.] 1981) ("Since theft is only the underlying offense for the robbery, the elements and facts surrounding the theft need not be alleged in the indictment [for robbery]."); *Earl v. State,* 514 S.W.2d 273, 274 (Tex.Crim.App.1974). These cases support the conclusion that an indictment for continuing family violence need not allege the manner and means of the underlying simple assaults.

Even if the sufficiency of the indictment were analyzed as if it alleged multiple assaults rather than the distinct crime of continuing family violence, our conclusion

would remain the same. In general, an indictment for assault causing bodily injury under section 22.01(a)(1) of the Penal Code need not allege the manner and means of the assault because the statute does not define the manner or means of commission in alternative ways. *E.g.*, *Thomas v. State*, 303 S.W.3d 331, 333 (Tex. App.–El Paso 2009, no pet.); *Phelps v. State*, 999 S.W.2d 512, 516 (Tex.App.–Eastland 1999, pet. ref'd).[1] Of course, if the indictment alleges that the accused acted recklessly, as this one does, it must allege with reasonable certainty the act or acts from which the State will ask the trier of fact to infer that the accused acted recklessly. *See* Tex. Penal Code Ann. § 22.15; *Smith v. State*, 309 S.W.3d 10, 15 (Tex. Crim.App.2010). But a charging instrument need not be quashed for failure to comply with section 21.15 when it also alleges that the accused acted with intent or knowledge, as this indictment does. *See Crawford v. State*, 646 S.W.2d 936, 937 (Tex.Crim.App.1983).

Appellee relies on *Cruise v. State*, 587 S.W.2d 403 (Tex.Crim.App. [Panel Op.] 1979), for her argument that the State was required to allege the manner and means of the assaults. In *Cruise*, the appellant was indicted for "robbery by causing bodily injury." *Id.* at 404 (citing Tex. Penal Code Ann. § 29.02(a)(1)). The indictment alleged that the appellant, "while in the course of committing theft and with the intent to obtain and maintain control of the property of [the complainant,] ... did then and there knowingly and intentionally [c]ause bodily injury to the complainant." *Id.* The appellant argued the bodily-injury portion of the indictment was insufficient because it could not be determined from the face of the indictment how he was alleged to have injured the complainant—

"by striking her with his fists, or kicking her with his feet, or shooting her with a gun, or stabbing her with a knife, or running into her with a motor vehicle, or by any means." *Id.* The Court of Criminal Appeals agreed, observing that it "fail[ed] to see in what manner the State might hope to prove to the jury beyond a reasonable doubt that appellant caused bodily injury to the complainant, without adducing the facts that described the way in which he did so." *Id.* The court focused on the lack of any pleaded fact to suggest how the injury was caused. *Id.* at 405.

Like continuing family violence, the robbery offense in *Cruise* is predicated on an underlying offense—in that case, theft. The appellant in *Cruise* did not suggest that the allegations about the underlying theft offense were insufficient, however. He complained only of the allegations about bodily injury, which was an element of the charged offense of robbery. Here, in contrast, appellee challenges the allegations regarding one of the underlying offenses of assault, not the primary offense of continuing family violence. Therefore, *Cruise* is not inconsistent with the above cases holding that an indictment need not allege the manner and means by which offenses underlying the charged offense were committed.

■ Finally, we note that an indictment cannot be held insufficient by reason of a formal defect that does not prejudice the defendant's substantial rights. Tex. Code Crim. Proc. art. 21.19 ("An indictment shall not be held insufficient, nor shall the trial, judgment or other proceedings thereon be affected, by reason of any defect of form which does not prejudice the substantial rights of the defendant."). Even if the language of an indictment does

---

1. *See also Dawson v. State*, No. 08–11–002–3–CR, 2013 WL 4017433, at \*4 (Tex.App.–El Paso Aug. 7, 2013, no pet.) (not designated for publication) (collecting cases).

not provide notice that is constitutionally sufficient to allow the defendant to prepare a defense, no harm is shown if the defendant receives notice of the State's theory by other means. *Kellar*, 108 S.W.3d at 313. During the hearing on the motion to quash, the prosecutor explained that he had already provided appellee's counsel with the offense reports and videotapes regarding each of the two incidents underlying the indictment. Accordingly, appellee had ample notice in addition to that provided by the indictment.

Applying the general principle that the indictment for a crime predicated on an underlying offense need not allege the elements, including the manner and means, of the underlying offense, we hold that an indictment for violation of section 25.11 need not allege the manner and means of the underlying assaults. The indictment in this case sufficiently alleged the offense of continuous family violence, and appellee has not shown harm from any lack of specificity. The trial court therefore erred by granting appellee's motion to quash. We sustain the State's sole issue.

### CONCLUSION

Having sustained the State's sole issue, we reverse the order of the trial court quashing the indictment, and we remand the case to the trial court for further proceedings.