**Opinion issued June 14, 2016**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-15-00737-CR

———————————

**RONALD PARKS, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the County Criminal Court at Law No. 1**
**Harris County, Texas**
**Trial Court Case No. 2009726**

---

## MEMORANDUM OPINION

Ronald Parks was convicted of interference with the duties of a public servant and sentenced to 30 days in jail. In his single issue, he argues that the indictment did not adequately describe the offense for which he was charged in several ways. We affirm.

## Background

Parks was indicted for interfering with a public servant's duties. *See* TEX. PENAL CODE ANN. § 38.15(a)(1) (West Supp. 2015). Section 38.15(a)(1) provides: "A person commits an offense if the person with criminal negligence interrupts, disrupts, impedes, or otherwise interferes with a peace officer while the peace officer is performing a duty or exercising authority imposed or granted by law." *Id.* The indictment tracked the Penal Code; it charged him with acting "unlawfully with criminal negligence" by "failing to obey a lawful order, interrupt, disrupt, impede and interfere with . . . a peace officer, while [he] was performing a duty and exercising authority imposed and granted by law." The indictment gave the date of the alleged offense and the officer's name. It did not, however, identify the specific lawful order that was not obeyed or police officer action that Parks interfered with. Nor did the indictment specify acts that constituted criminal negligence. *See id.* (requiring "criminal negligence" as requisite mental state for interfering with public servant's duties).

After indicting Parks, the State provided him with the police report, which contained a description of the order Parks had been given and had not followed. And, later, in response to Parks' discovery requests, the State provided Parks its trial witness list. Parks also filed two "self-authenticating business records" from the Houston Police Department for use at trial.

2

Parks filed a motion to quash his indictment, which the trial court denied. Parks appeals his conviction. We affirm.

## Indictment

Parks argues that the indictment was inadequate because it failed to: (1) "properly plead an act in conjunction with the mental state of criminal negligence"; (2) set forth with "required certainty to enable [Parks] to plead the judgment that may be given upon it in bar of any prosecution for the same offense"; (3) "state everything necessary to be proved"; (4) give him "notice of the offense charged with sufficient certainty"; and (5) "charge an offense as a result of these issues and prejudice[d] [his] substantial rights." According to Parks, these omissions mean that, under the indictment, he could be "tried for disobeying one lawful order this week and then next week tried for disobeying some other lawful order." The State responds that Parks (1) "provides argument and authorities on appeal for only two" of those five arguments and (2) failed "to provide an adequate record to evaluate" the two claims that are reviewable.

### A. Applicable law and standard of review

An indictment is defective in form if it does not give the defendant sufficient notice of the charged offense. *Kellar v. State*, 108 S.W.3d 311, 313–14 (Tex. Crim. App. 2003); *Flores*, 33 S.W.3d at 919. But, even if the indictment is defective, we will reverse the judgment only if the defect in the indictment prejudices "the

3

substantial rights of the defendant." TEX. CODE CRIM. PROC. ANN. art. 21.19 (West 2009); *Adams v. State*, 707 S.W.2d 900, 903 (Tex. Crim. App. 1986) (appellate court must determine whether lack of notice in charging instrument "had an impact on the defendant's ability to prepare a defense, and . . . how great an impact"); *White v. State*, 50 S.W.3d 31, 39 (Tex. App.—Waco 2001, pet. ref'd) (appellate court must determine whether lack of notice "prejudiced the substantial rights of the defendant") (internal quotation marks and brackets omitted). To prejudice the "substantial rights of the defendant," the failure must "affect[] the defendant's ability to prepare a defense." *Flores*, 33 S.W.3d at 919.

A defendant cannot establish that an omission in an indictment prejudiced his substantial rights if he had adequate notice to prepare a defense through an alternative means. *See Kellar*, 108 S.W.3d at 313 (Even if indictment does not give sufficient notice to prepare defense, defendant may receive notice "by means other than the language in the charging instrument . . . . [A] defendant suffers no harm unless he did not, in fact, receive notice of the State's theory against which he would have to defend."); *see also State v. Stukes*, No. 14-15-00287-CR, 2016 WL 720845, at *4 (Tex. App.—Houston [14th Dist.] Feb. 23, 2016, no pet.) ("[A]n indictment cannot be held insufficient by reason of a formal defect that does not prejudice the defendant's substantial rights.").

To determine whether the defendant's ability to prepare a defense has been prejudiced, "we consider the complete record." *Flores*, 33 S.W.3d at 919. We must review the record to examine the defense strategy and whether that strategy was impaired by the lack of notice in the indictment. *Id.* at 920. If we are "unable to find from this record that the omission" in the indictment "had a deleterious impact on appellant's defense," we must conclude that the trial court's denial of the motion to quash "did not prejudice [the] appellant's substantial rights." *Id.*

## B.     No evidence of harm

The State argues that Parks failed to file a sufficient record to enable us to determine whether he received adequate notice to prepare his defense and that this absence of an adequate record prevents us from concluding that he was harmed by the trial court's ruling. *See* TEX. R. APP. P. 44.2(b); *Mercier v. State*, 322 S.W.3d 258, 264 (Tex. Crim. App. 2010) (holding that unless "defects of form prejudice [defendant's] substantial rights, the indictment will be deemed sufficient . . . .").

When filing an appeal, an appellant must request a reporter's record, consisting of the transcripts of the proceedings in the trial court, and a clerk's record. *See* TEX. R. APP. P. 34.6(b)(2); *id.* at 34.5. If the appellant requests only part of the reporter's record, "the appellant must include in the request a statement of the points or issues to be presented on appeal and will then be limited to those points or issues." TEX. R. APP. P. 34.6. If that statement is filed, we must then

5

"presume that the partial reporter's record designated by the parties constitutes the entire record for purposes of reviewing the stated points or issues." *Id.*

Parks filed a partial record. He filed a reporter's record of the pre-trial hearing on his motion to quash the indictment, but he did not file a reporter's record of his trial. Because Parks did not file a full reporter's record, we cannot review the complete record to determine whether his ability to present a defense was impacted. Nor can we determine whether Parks received adequate notice of the charged offense in another way. Moreover, Parks did not file a statement with the trial court, pursuant to Rule 34.6(c) of the Rules of Appellate Procedure, identifying the issues he would be presenting on appeal. Without this statement, we must "presume that the material missing from the reporter's record is relevant and supports the trial court's" decision to overrule Parks' motion to quash. *In re J.S.P.*, 278 S.W.3d at 418.

In any event, there is some indication in this limited record that Parks did receive adequate notice of the charge through some means other than the indictment. Parks filed a motion arguing that the search and arrest during which he allegedly interfered with a public officer's duties were conducted without a warrant or probable cause—indicating that he knew which encounter with law enforcement led to the charge. Parks filed "self-authenticating business records" from the Houston Police Department for use at his trial—implying they were related to the

alleged offense. He admitted at the motion-to-quash hearing that he had a copy of the police report, which contained the order that the officer gave Parks. These facts indicate that Parks had notice of the offense with which he was charged and was able to prepare a defense.

We conclude, therefore, that the trial court's denial of Parks's motion to quash the indictment did not constitute harmful error.[1]

## Conclusion

We affirm the trial court's order.

Harvey Brown
Justice

Panel consists of Justices Keyes, Brown, and Huddle.

Do not publish. TEX. R. APP. P. 47.2(b).

---

[1] For purposes of this opinion we have assumed that error exists in the indictment. The State, however, argues that the indictment did not contain error because the indictment "states the act which constitutes criminal negligence," namely failing to obey a lawful order, and "provides adequate notice" by "specifying the manner and means by which [Parks] committed the offense." We do not address the merits of either the State's or Park's arguments regarding whether the trial court erred in denying the motion to quash the indictment because Parks cannot establish harm on this limited record.