

# NUMBER 13-22-00138-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

THE STATE OF TEXAS,                                                                  Appellant,

v.

JAMES CLICK,                                                                          Appellee.

**On appeal from the 36th District Court
of San Patricio County, Texas.**

# MEMORANDUM OPINION

**Before Justices Tijerina, Silva, and Peña
Memorandum Opinion by Justice Tijerina**

Appellant the State of Texas appeals the trial court's granting of appellee James Click's motion to quash an indictment. By three issues, the State argues: (1) no exception to Article 27.08 of the code of criminal procedure applies; (2) manner and means is not an element of assault; and (3) the indictment provides notice of the offense charged and is specific to bar future prosecutions. We reverse and remand.

## I.    BACKGROUND

On October 12, 2021, Click was indicted for assault on a public servant, a third-degree felony. *See* TEX. PENAL CODE ANN. § 22.01(b)(1). The indictment reads that on or about August 11, 2021, Click

> did then and there intentionally, knowingly, or recklessly cause bodily injury to [victim] by physical assault, and [Click] did then and there know that the said [victim] was then and there a public servant, to-wit: a police officer, and that the said [victim] was then and there lawfully discharging an official duty, to-wit: bailiff for County Court at Law.

On February 14, 2022, Click filed a "Motion to Quash and Exception to Substance of Indictment," arguing that the indictment failed to allege an essential element of the offense, namely, the manner and means of the bodily injury.

The trial court held a hearing on March 18, 2022. At the hearing, Click argued that on its face, the indictment did not give him adequate notice to properly prepare for trial because he was unable to determine what the essential elements were for the term "physical assault." The State countered that in an assault on a public servant case, the State did not need to list a manner and means or alternative ways of committing an assault. Following a hearing, the trial court granted the motion to quash, and the State appealed. *See* TEX. CODE CRIM. PROC. ANN. art. 44.01(a) ("The state is entitled to appeal an order of a court in a criminal case if the order (1) dismisses an indictment, information, or complaint or any portion of an indictment, information, or complaint . . . .").

## II.    STANDARD OF REVIEW & APPLICABLE LAW

The sufficiency of the indictment presents a question of law that we review de novo. *Smith v. State*, 309 S.W.3d 10, 13–14 (Tex. Crim. App. 2010); *State v. Barbernell*,

2

257 S.W.3d 248, 251–52 (Tex. Crim. App. 2008). We will uphold the trial court's ruling on a motion to quash if it is correct under any theory of law applicable to the case. *See State v. Rhinehart*, 333 S.W.3d 154, 161 (Tex. Crim. App. 2011) (applying ordinary rules of procedural default to a State's appeal of a trial court's order quashing the indictment).

A defendant has the right to fair notice of the specific charged offense. *See* U.S. CONST. amend. VI; TEX. CONST. art. I, § 10; TEX. CONST. art. V, § 12b; *Lawrence v. State*, 240 S.W.3d 912, 916 (Tex. Crim. App. 2007). "The charging instrument must convey sufficient notice to allow the accused to prepare a defense." *Curry v. State*, 30 S.W.3d 394, 398 (Tex. Crim. App. 2000). "The offense must be set forth in plain and intelligible words." TEX. CODE CRIM. PROC. ANN. art. 21.02(7). Article 21.03 provides that "[e]verything should be stated in an indictment which is necessary to be proved." *Id.* art. 21.03. "The certainty required in an indictment is such as will enable the accused to plead the judgment that may be given upon it in bar of any prosecution for the same offense." *Id.* art. 21.04.

> An indictment is sufficient if it
>
> charges the commission of the offense in ordinary and concise language in such a manner as to enable a person of common understanding to know what is meant, and with that degree of certainty that will give the defendant notice of the particular offense with which he is charged, and enable the court, on conviction, to pronounce the proper judgment.

*Id.* art. 21.11. "[I]n most cases a charging instrument that tracks the statutory text of an offense is sufficient to provide a defendant with adequate notice," but "in some cases, a charging instrument that tracks the statutory language may be insufficient to provide a defendant with adequate notice." *State v. Zuniga*, 512 S.W.3d 902, 907 (Tex. Crim. App.

3

2017). "For example, a statute which uses an undefined term of indeterminate or variable meaning requires more specific pleading in order to notify the defendant of the nature of the charges against him." *Id.* A reviewing court first identifies the elements of the offense. *Id.* Then, it considers "whether the statutory language is sufficiently descriptive of the charged offense." *Id.*

Article 27.08 provides that there is *no* exception to an indictment unless: (1) it does not appear that an offense was committed by the defendant; (2) it appears from the face that prosecution is barred by a lapse of time or after the indictment was sought; (3) it contains a legal defense; and (4) the court has no jurisdiction. *See* TEX. CODE CRIM. PROC. ANN. art. 27.08.

### III. DISCUSSION

The State argues that the trial court erred in granting Click's motion to quash because: (1) the indictment did not violate Article 27.08 of the code of criminal procedure; (2) manner and means is not an essential element of assault; and (3) the indictment provides notice of the offense and is specific enough to bar future prosecutions.

"The Texas Legislature has defined the crime of assault in Section 22.01 of the [Texas] Penal Code." *Landrain v. State*, 268 S.W.3d 532, 536 (Tex. Crim. App. 2008). Subsection (a) of that provision sets out a distinct assault that is relevant to the present discussion: A person commits an offense if the person "intentionally, knowingly, or recklessly causes bodily injury to another." TEX. PENAL CODE ANN. § 22.01(a)(1). "'[B]odily injury' assault is a result-oriented assaultive offense." *Landrian*, 268 S.W.3d at 536. Section 22.01(b)(1) of the penal code then defines the crime of assault on a public

4

servant: the person (1) intentionally, knowingly, or recklessly (2) causes bodily injury to public servant; (3) while the public servant was lawfully discharging an official duty. TEX. PENAL CODE ANN. § 22.01(a), (b)(1).

## A.     Article 27.08

The trial court found that an exception to the indictment under Article 27.08 warranted the quashing of the indictment, namely, the indictment lacked specificity because there was no manner and means of the bodily injury. However, Article 27.08 contains no such requirements. *See* TEX. CODE CRIM. PROC. ANN. art. 27.08. An exception exists only if it does not appear that an offense was committed by the defendant; it appears from the face that prosecution is barred by a lapse of time or after the indictment was sought; it contains a legal defense; or the court has no jurisdiction. *See id.*

On its face, the indictment here alleged that Click "intentionally, knowingly, or recklessly" caused "bodily injury" when the victim "was a public servant" that was "lawfully discharging his duties as a public servant." Thus, it apprised Click that he allegedly committed the crime of assault on a public servant as it alleged each essential element of assault of a public servant. *See* TEX. PENAL CODE ANN. § 22.01(b)(1). Next, on its face, it does not appear that the prosecution is barred by a lapse of time or contain a legal defense or that the court lacks jurisdiction. *See* TEX. CODE CRIM. PROC. ANN. art. 27.08. Therefore, no exception to Article 27.08 applies. *See id.* Moreover, in Click's motion to quash, at the motion to quash hearing, and on appeal, Click did *not* argue that any exception under Article 27.08 existed.[1] Therefore, the trial court's finding that the

---

[1] Instead, Click states it was his "mistake in not rewording the Court[']s Order after the hearing on

5

indictment violated Article 27.08 was erroneous. *See id.*

B.      **"Manner and Means"**

Next, the trial court found that the indictment failed to allege an essential element of the offense, "namely manner and means of the bodily injury." However, the Court of Criminal Appeals has rejected the argument that an indictment for committing an assault requires a manner and means: "The gravamen of this result-oriented offense is causing bodily injury," and "[t]he precise act or nature of conduct in this result-oriented offense is inconsequential." *Landrain*, 268 S.W.3d at 537 (internal quotations omitted). Instead, "[w]hat matters is that the conduct (whatever it may be) is done with the required culpability to effect the *result* the Legislature has specified." *Id.* Thus, exactly how the assault was committed has no bearing on the essential elements of the crime, as the jury need not "unanimously find that [Click] committed that crime in one specific way or even with one specific act." *Id.* at 535.

Similarly, in *Stukes*, the trial court quashed the defendant's indictment for continuous family violence for the lack of a manner and means. *State v. Stukes*, 490 S.W.3d 571, 573 (Tex. App.—Houston [14th Dist.] 2016, no pet.). The court of appeals held that "an indictment for assault causing bodily injury . . . need not allege the manner and means of the assault because the statute does not define the manner or means of commission in alternative ways." *Id.* at 576. Therefore, the trial court erred by requiring that the indictment allege a manner and means. *Id.* at 577.

---

March 18, 2022."

## C.     Notice and Specificity

Next, without reference to any legal authority, the trial court found that the indictment did not contain elements of the offense charged, failed to fully inform Click of the charge against him, and failed to enable him to plead an acquittal or conviction in bar of future prosecutions for the same offense. As previously stated, the elements for assault on a public servant are (1) intentionally, knowingly, or recklessly (2) causes bodily injury to public servant (3) while the public servant was lawfully discharging an official duty. TEX. PENAL CODE ANN. § 22.01(b)(1). "[A] statute which uses an undefined term of indeterminate or variable meaning requires more specific pleading in order to notify the defendant of the nature of the charges against him." *Zuniga*, 512 S.W.3d at 907. But here, the statute does not contain an undefined term. "Bodily injury" is defined as "physical pain, illness, or any impairment of physical condition," and the term "public servant" is also defined in the statute. *See* TEX. PENAL CODE ANN. § 1.07(8), (41). Accordingly, we find the indictment here contains the elements of the offense charged as set out in the statute, informs Click of the charge against him, namely assault on a public servant, and enables him to plead an acquittal or conviction in bar of future prosecutions from the charge of assault on a public servant. *See United States v. Resendiz-Ponce*, 549 U.S. 102, 108 (2007); *see also* TEX. CODE CRIM. PROC. ANN. art. 21.11.

Nevertheless, the *Stukes* court held that "[e]ven if the language of an indictment does not provide notice that is constitutionally sufficient to allow the defendant to prepare a defense, no harm is shown if the defendant receives notice of the State's theory by other means." *Id.* at 576–577. Here, Click asserted that he had been provided and

7

reviewed various affidavits "describ[ing] the bodily injury by physical assault." Thus, even assuming that the language in the indictment did not provide him with sufficient notice, Click received notice of the State's theory by other means, and therefore, he is not harmed. *See id.* Accordingly, we sustain all three of the State's issues.

## IV.    CONCLUSION

We reverse the trial court's order and remand for proceedings consistent with this memorandum opinion.

JAIME TIJERINA
Justice

Do not publish.
TEX. R. APP. P. 47.2 (b).

Delivered and filed on the
27th day of July, 2023.